RECEIPT # 53877
AMOUNT $ 150.—
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Kim Abad
DATE 2-17-04

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| FLORENCE BICKMORE  *<br>  Plaintiff  *<br>  *<br>v.  *<br>  *<br>US AIRWAYS  *<br>  Defendants  * | C.A. NO.:<br><br>COMPLAINT<br>**04-10326JLT** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MAGISTRATE JUDGE _____

## THE PARTIES

1.  The plaintiff, **Florence Bickmore**, resides in Rutland, Vermont and at all times hereinafter referred to, was a passenger on a US Airways commercial airliner.

2.  The defendant, **US Airways**, is a duly organized corporation, existing under the laws of the State of Virginia, and at all times hereinafter referred to, was engaged in commercial airline transportation including the use of Logan Airport facilities for the transfer of passengers from flight to flight.

## JURISDICTION

3.  This is a case of jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is in excess of $75,000

## FACTUAL ALLEGATIONS

4.  On or about June 21, 2002, the plaintiff boarded US Airways Flight No. 59 leaving Ft. Lauderdale, Florida to Charlotte, North Carolina, with the agreement that she would be met with a wheelchair for purposes of being

transported to US Airways Flight No. 1451 leaving from Charlotte, N.C. and arriving in Boston, Massachusetts, with the further agreement that she would be met at Boston, Massachusetts with a wheelchair in order to be transported to US Airways Flight No. 5956 from Boston, Massachusetts to Rutland, Vermont.

5. Upon arrival in Boston, Massachusetts there was no wheelchair assistance, forcing the plaintiff to maneuver up the ramp to the US Airways desk where she communicated with US airways employees requesting aid in being transported to her connecting US Airways flight.

6. The US Airways employees ridiculed her request and refused to obtain a wheelchair instructing her to make her own way to the connecting flight.

7. As she turned to proceed, she fell, sustaining serious personal injuries.

## COUNT I
(Negligence)

8. Paragraphs 1-7 are realleged and incorporated herein.

9. The injuries sustained by the plaintiff were not caused by any fault on her part, but were caused by the fault of the defendant, its agents, or servants, as follows:

   a) Failure to provide, as agreed, wheelchair assistance in transporting plaintiff from one connecting flight to another;

   b) Failure to provide assistance, even when requested by plaintiff, of US Airways employees;

   c) Failure and negligence in other respects that will be shown at the trial.

10. As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, incurred medical and hospital expenses, and has suffered

and will suffer other damages as will be shown at the trial.

11. This cause of action is brought under the 28 U.S.C. § 1332 Diversity of Citizenship.

### REQUEST FOR RELIEF

1. Under Count I, that this court enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

### COUNT II
### BREACH OF CONTRACT

12. Paragraphs 1-11 are realleged and incorporated herein.

13. Prior to boarding the flight from Florida to Vermont, the plaintiff's associate, Ms. Jean Novak, called US Airways and specifically requested wheelchair assistance for plaintiff as well as booking passage for a pet cat. The agent assured Jean Novak and plaintiff that there would be wheelchair assistance at every stop.

14. Although there was wheelchair assistance in Charlotte, North Carolina to transfer plaintiff the flight to Boston, Massachusetts, there was no wheelchair assistance in Boston, Massachusetts, thereby breaching the contract.

15. As a result of the defendant's breach of contract to provide wheelchair assistance, the plaintiff was obligated to try and walk, at which time she fell and sustained serious personal injuries.

### REQUEST FOR RELIEF

1. Under Count II, that this court enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate.

## COUNT III
## BREACH OF EXPRESS WARRANTY

16. Paragraphs 1-15 are realleged and incorporated herein.

17. The defendant expressly warranted that it would provide wheelchair assistance to the plaintiff in order to transport her to each of her connecting flights. The defendant breached its express warranty by not providing wheelchair assistance to the plaintiff in Boston, Massachusetts and thereby causing her to sustain severe personal injuries.

## REQUEST FOR RELIEF

1. Under Count III, that this court enter judgment in favor of the plaintiff against the defendant.

2. For such other relief as this court deems appropriate

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted
by her attorney,

*/s/ David B. Kaplan*
DAVID B. KAPLAN #258540
The Kaplan/Bond Group
Boston Fish Pier
West Building - Suite 304
Boston, MA  02210
617/261-0080

Dated: February 13, 2004