# THE KAPLAN / BOND GROUP

*David B. Kaplan*
*Thomas M. Bond*
*Tracey N. Kaplan*

*Attorneys at Law and Proctors in Admiralty*
*88 Black Falcon Avenue, Suite 301*
*Boston, Massachusetts 02210*

(617) 261-0080
Fax (617) 261-1558

FILED
CLERKS OFFICE
2005 FEB 29  P 1: 09
U.S. DISTRICT COURT
DISTRICT OF MASS

February 28, 2005

Ms. Zita Lovett
United States District Court
1 Courthouse Way
John Joseph Moakley U.S. Courthouse
Boston, Massachusetts 02210

Re:  *Florence Bickmore vs. US Airways*
     **Civil Action No. 04-10326 JLT**

Dear Ms. Lovett:

As discussed, I have enclosed a copy of the Stipulation Modifying Automatic Stay Between Debtors and Florence Bickmore, *In re* US Airways, Inc., *et* al (Chapter 11) and the notice of Electronic Filing from the U.S. Bankruptcy Court, Eastern District of Virginia, which demonstrates the that Stipulation was filed on December 21, 2004.

Please call if you should have any questions.

Thank you in anticipation of your kind cooperation.

Very truly yours,

James F. O'Brien

JFO/cms

Enclosure

cc:  Kathleen Guilfoyle, Esq. (w/out enclosure)

**Miscellaneous Filings:**
04-13819-SSM US Airways, Inc.

FILED
IN CLERKS OFFICE

2005 FEB 29 P 1:09

U.S. Bankruptcy Court

U.S. DISTRICT COURT
DISTRICT OF MASS

Eastern District of Virginia

Notice of Electronic Filing

The following transaction was received from Boehm, Sarah Beckett entered on 12/21/2004 at 4:16 PM EST and filed on 12/21/2004
**Case Name:**         US Airways, Inc.
**Case Number:**      04-13819-SSM
**Document Number:** 1459

**Docket Text:**
Stipulation *Modifying the Automatic Stay* By US Airways, Inc. and Between Florence Bickmore (Re: related document(s)[858] Order on Motion to Authorize) filed by Sarah Beckett Boehm of McGuireWoods LLP on behalf of US Airways, Inc.. (Boehm, Sarah)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** U:\US Airways, Inc\Modify Stay Stipulation\Filed\Bickmore.pdf
**Electronic document Stamp:**
[STAMP VAEBStamp_ID=875559604 [Date=12/21/2004] [FileNumber=5723379-0]
[88233c82698c9e916dff2d22c4fc59f5e8c0fc1a5e7f45258e42bafb61a609e2d98c
282f5ade2233a0eb64b3a427363760dc1878df953526c4a64f678f80d728]]

**04-13819-SSM Notice will be electronically mailed to:**

Ann E. Acker     ,

Monique D. Almy     mdalmy@swidlaw.com, clbest@swidlaw.com;mwcheney@swidlaw.com

James E. Anklam     jamesanklam@paulhastings.com,

Edward H. Arnold     harold@bakerdonelson.com,

Timothy D. Battin     tbattin@straus-boies.com, ncihlar@straus-boies.com;cskinner@straus-boies.com

Michael St. Patrick Baxter     mbaxter@cov.com

Ann Bersi     bersia@co.clark.nv.us,

James H. Billingsley     billinj@hughesluce.com,

Susan E. Birenbaum     birenbaum.susan@pbgc.gov,
efile@pbgc.gov;beyer.william@pbgc.gov;house.joseph@pbgc.gov;pentek.donna@pbgc.gov;sidman.robert@pbgc

FILED
IN CLERKS OFFICE

2005 FEB 29  P 1:09

U.S. DISTRICT COURT
DISTRICT OF MASS

Brian P. Leitch, Esq.
Daniel M. Lewis, Esq.
Michael J. Canning, Esq.
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000
- and -
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
- and -
399 Park Avenue
New York, New York 10022
(212) 715-1000

Lawrence E. Rifken, Esq. (VSB No. 29037)
Douglas M. Foley, Esq. (VSB No. 34364)
David I. Swan, Esq.
McGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102-4215
(703) 712-5000

*Counsel to the Debtors and Debtors-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 04-13819 |
| ) | Jointly Administered |
| US AIRWAYS, INC., et al.,[1] ) | Chapter 11 |
| ) | Hon. Stephen S. Mitchell |
| Debtors. ) | |

### STIPULATION MODIFYING AUTOMATIC STAY
### BETWEEN DEBTORS AND FLORENCE BICKMORE

WHEREAS, on September 12, 2004 (the "Petition Date"), the Debtors and debtors-in-possession in the above-captioned cases, each filed with the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court") its respective voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code") commencing the

---

[1] The Debtors are the following entities: US Airways, Inc., US Airways Group, Inc., PSA Airlines, Inc., Piedmont Airlines, Inc. and Material Services Company, Inc.

above-captioned chapter 11 proceedings, consolidated jointly for administrative purposes only;

WHEREAS, prior to the Petition Date, Florence Bickmore (the "Claimant") commenced a civil action against US Airways (the "Debtor Defendant"), in the United States District Court for the District of Massachusetts, captioned *Florence Bickmore v. US Airways*, asserting liability against the Debtor Defendant for property damage or injury to the Claimant (the "Claim");

WHEREAS, on the Petition Date, the Claimant was automatically stayed under 11 U.S.C. § 362(a) (the "Automatic Stay") from commencing or continuing an action to seek recovery for damages on the Claim;

WHEREAS, as of the date of this stipulation (the "Stipulation"), Claimant has not filed a proof of claim in the Debtor Defendant's chapter 11 case;

WHEREAS, the Claimant is willing to waive any and all claims against the Debtors and to seek recovery solely from the insurance coverage, if any, available under an insurance policy issued to the Debtor Defendant to satisfy the Claim (the "Available Coverage");

WHEREAS, the parties to the Stipulation have agreed to modify the Automatic Stay solely on the terms and conditions set forth herein;

WHEREAS, the Debtors are authorized under the Order Authorizing the Debtors to Enter Into Forms of Stipulation Modifying the Automatic Stay and Compromising Claims (Docket No. 858) (the "Compromise Order") to enter into and file this Stipulation with the Court; and

WHEREAS, pursuant to the Compromise Order, upon execution by the Debtors and filing of this Stipulation with the Court, the Stipulation will be fully effective without further order of Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject to and in accordance with the Compromise Order, by and among the parties, as follows:

1. The Automatic Stay is hereby modified solely to the limited extent necessary to enable (a) the Claim to proceed to final judgment or settlement and (b) the Claimant to attempt to recover any liquidated final judgment or settlement on the Claim from Available Coverage, if any; provided, however, that any final judgment or settlement shall be reduced by (i) the amount of any applicable deductible or self-insured retention under the applicable insurance policy; and (ii) the share of liability under the applicable insurance policy of any insolvent or non-performing insurer or co-insurer (or any reinsurer of any insolvent or non-performing insurer or co-insurer); and further provided, however, that the Automatic Stay shall not be modified for purposes of permitting the Claimant to attempt to recover for intentional conduct or punitive damages.

2. It is expressly understood by the Claimant that the Claimant may seek satisfaction of the Claim only as set forth herein, and that in no event will the Debtors or their estates be liable to the Claimant in any other way whatsoever with respect to the Claim.

3. In connection with this modification of the Automatic Stay, the Claimant on behalf of herself/himself, her/his heirs, representatives and assigns, does hereby waive and/or release the Debtors and their estates, and their respective heirs, successors, assigns, affiliates, officers, directors and employees, from any and all claims, actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses or

demands whatsoever, known or unknown, of any nature, except for their claim to the Available Coverage.

4. Any proof of claim filed by Claimant is hereby deemed to be withdrawn without further order of Court and the Debtors' claims and noticing agent is authorized and directed to remove any and all claims filed by or on behalf of Claimant from the Debtors' claims register; provided, however, that the withdrawal of any proof of claim shall not prejudice Claimant's ability to collect his/her Claim from the Available Coverage.

5. The agreement by the Debtors to the modification of the Automatic Stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance to or to cooperate with the Claimant in any way in the efforts of the Claimant to prosecute the Claim or secure payment on the Claim under the Available Coverage.

6. Nothing contained herein shall be deemed an admission of liability or otherwise on the part of the Debtors or their insurance carriers with respect to the Claim.

7. Nothing in this Stipulation shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit or expand: (i) the terms and conditions of any insurance policy; (ii) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy; or (iii) any claim or payment right of any insurer against any of the Debtors including, but not limited to, any claim or payment right for, on account of, arising from or related to any premium, deductible, reimbursement, self-insured retention or otherwise. All such rights, remedies, defenses, defenses to coverage, claims and payment rights are expressly reserved and preserved. Further, all rights of subrogation and contribution of any insurer also are expressly reserved and preserved.

8. This Stipulation may be signed in counterpart originals, which, when fully executed, shall constitute a single original.

9. The Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

10. This Stipulation is effective upon filing without further order of Court.

Dated: McLean, Virginia  
December 13, 2004

STIPULATED AND AGREED:

Brian P. Leitch, Esq.  
Daniel M. Lewis, Esq.  
Michael J. Canning, Esq.  
ARNOLD & PORTER LLP

370 Seventeenth Street, Suite 4500  
Denver, Colorado 80202  
(303) 863-1000  
- and -  
555 Twelfth Street, NW  
Washington, DC 20004  
(202) 942-5000  
- and -  
399 Park Avenue  
New York, New York 10022  
(212) 715-1000

- and -

/s/ Lawrence E. Rifken  
Lawrence E. Rifken, Esq. (VSB No. 29037)  
Douglas M. Foley, Esq. (VSB No. 34364)  
David I. Swan, Esq.  
McGUIREWOODS LLP  
1750 Tysons Boulevard, Suite 1800  
McLean, Virginia 22102-4215  
(703) 712-5000

*Counsel to the Debtors and Debtors-in-Possession*

Dated: Boston, Massachusetts  STIPULATED AND AGREED:
December 13, 2004

/s/ David B. Kaplan
David B. Kaplan
Kaplan/Bond Group
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080

*Counsel to the Claimant*

\\FIN\227102.1