UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FLORENCE BICKMORE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> US AIRWAYS, INC. ) <br> ) <br> Defendants. ) <br> ) | C.A. NO. 04-10326JLT |

**DEFENDANT US AIRWAYS' STATUS REPORT**

Defendant US Airways, Inc. ("US Airways") submits this status report, summarizing their activities in this action, pursuant to the Court's Order of October 12, 2005. US Airways made an effort to prepare a "joint" status report as requested by the Court and prepared a draft report for review and consideration by counsel for Florence Bickmore ("the plaintiff"). Rather than responding with comments or proposed revisions, the plaintiff's counsel simply filed his own status report.

First, US Airways agrees with the chronology of events set forth in Paragraphs 1 through 8 of the plaintiff's status report, namely that while suit was filed in February 2004, shortly after the initial scheduling conference in August 3, 2004, US Airways filed for bankruptcy protection. During the pendency of the bankruptcy and after the case had been dismissed by this Court due to the bankruptcy, the plaintiff's counsel informed US Airways that he was taking the videotape deposition of the plaintiff. As the stay was in place, counsel for US Airways was prohibited from taking any action with respect to this claim. US Airways notified the plaintiff of this fact and expressed its willingness to go

forward with the deposition after the stay was lifted. The plaintiff refused to postpone the videotape statement and has also refused to product a copy to US Airways. In short, US Airways "declined the invitation" to videotape the plaintiff's testimony because to do otherwise would have been a breach of the automatic stay provisions of the bankruptcy code.

Second, the plaintiff is a resident of Vermont and she has had extensive medical care and treatment in Vermont. Since the bulk of the medical records was not in the plaintiff's possession and, thus, not produced by the plaintiff pursuant to Local Rule 35.1, US Airways has had to obtain the records on its own through the use of authorizations. Once it believed that it had the records, and in an effort to accommodate the plaintiff, US Airways conducted the deposition of the plaintiff at her home in Rutland, Vermont on August 25, 2005. This was the first and only deposition of the plaintiff in this case.

Third, on October 14, 2005, the plaintiff took the Rule 30(b)(6) deposition of US Airways. At that time, the parties discussed the need to either determine whether settlement was likely, or to proceed with the matter. As counsel for US Airways informed the plaintiff's counsel, a response would be made to the settlement demand within a reasonable time following the completion of the Rule 30(b)(6) deposition. No objection to this proposal was ever made by plaintiff's counsel.

>Defendant,
>US AIRWAYS, INC.,
>By its Attorneys,
>CAMPBELL CAMPBELL EDWARDS &
>CONROY, PROFESSIONAL CORPORATION
>
>/s/ Kathleen M. Guilfoyle
>Richard P. Campbell, BBO # 071600
>Kathleen M. Guilfoyle, BBO# 546512
>One Constitution Plaza
>Boston, MA  02129
>(617) 241-3000

Dated:  October 21, 2005